```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

FILED
02 MAY -6 PM 2:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ERVIN C. CLINTON,              )

    PLAINTIFF,                 )

VS.                            )        CV-00-H-2220-S

NEXCEL SYNTHETICS, LLC.,       )

    DEFENDANT.                 )

ENTERED
MAY - 6 2002

## MEMORANDUM OF DECISION

The court has before it the March 19, 2002 motion of defendant Nexcel Synthetics, LLC. for summary judgment in its favor with regard to the claim asserted by plaintiff in the complaint. Pursuant to the March 26, 2002 order, the motion was deemed submitted, without oral argument, on April 23, 2002.

### I. Procedural History

In the amended complaint filed August 15, 2000, plaintiff Ervin C. Clinton asserts claims under Title VII and 42 U.S.C. § 1981 for disparate treatment race discrimination in areas of his pay and training and for his demotion in February, 2000, and asserts a Title VII and § 1981 claim of constructive discharge in the spring of 2000 in retaliation for his filing his EEO charge in February, 2000. Defendant's motion for summary judgment asserts that there are no genuine issues of material fact



regarding plaintiff's claim and that defendant is entitled to judgment as a matter of law. In support of its motion defendant submitted plaintiff's deposition (with exhibits) and the affidavit of Melva Tate (Doc. #53) and a comprehensive brief (Doc. #55). Plaintiff has failed to submit any evidence and any brief in opposition to the motion.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc.,

2

477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact, i.e., facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at

3

trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

The court adopts herein the full statement of documented facts set forth in pages 2 through 6 of defendant's brief. There is simply no evidence before the court which could cause the court to question any of such facts.

### IV. Applicable Substantive Law and Analysis

Plaintiff has stated claims under 42 U.S.C. § 1981 and 2000e for disparate treatment racial discrimination and for retaliation. The Court is aware that the summary judgment rule applies in job discrimination cases just as in other cases. See Chapman v. AI Transport, 229 F.3d 1012, 1025 (11th Cir. 2000) (en banc) (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale).

The analysis of the plaintiff's claims will be determined not only by the nature of the allegations but also by the quality of the evidence offered in support of those claims. See Standard, 161 F.3d at 1330 (noting that "[t]he analytical framework and burden of production var[y] depending on the method of proof chosen"). In general, a plaintiff may attempt to establish a claim of illegal employment discrimination through the use of direct evidence, circumstantial (indirect) evidence, or statistics. See id.; see also Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999) (recognizing the availability of either direct or circumstantial evidence). A plaintiff's ability

5

to proceed through the use of circumstantial evidence of discrimination is necessarily important because direct proof of discrimination is uncommon. See Combs v. Plantation Patterns, 106 F.3d 1519, 1537 (11th Cir. 1997); Grigsby v. Reynolds Metals Co., 821 F.2d 590, 595 (11th Cir. 1987). Direct evidence is "[s]uch evidence [which], if believed, proves the existence of a fact in issue without inference or presumption." Burns v. Gadsden State Community College, 908 F.2d 1512 (11th Cir. 1990). Cf. Wright v. Southland Corp., 187 F.3d 1287, 1293-94 (11th Cir. 1999) (per Tjoflat, J.) (defining direct evidence as "evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic" and finding the outcomes reflected in prior case law consistent with that definition).

Here, plaintiff has presented no evidence whatever in support of his disparate treatment claims. Thus under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981), plaintiff has failed to discharge his initial burden of establishing a prima facie case of disparate treatment discrimination. Thus defendant's motion for summary judgment as to those claims is due to be granted.

Had plaintiff shown a prima facie case as to his disparate treatment claims, thereby raising the presumption of discrimination, the burden of production would have shifted to

6

the defendant to proffer a legitimate and nondiscriminatory reason for its actions.[1] See Combs, 106 F.3d at 1528. While the evidence required to be produced must raise a genuine issue of fact as to whether the employer discriminated against the plaintiff, the employer's burden is so light as to be virtually weightless, meaning that the employer need merely put forth a legitimate reason for its actions and need not convince the court that the reason offered was the true, motivating force. See Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1495 (11th Cir. 1989). Here defendant has satisfied that burden by articulating a nondiscriminatory reason for each of the challenged employment decisions embraced in his disparate treatment claims. Thus had the presumption of discrimination arisen, it would have fallen and the burden of production again shifted to the plaintiff to offer evidence sufficient for a reasonable jury to conclude that the employer's supposedly legitimate reason is merely a pretext for illegal discrimination.[2] Where the defendant articulates multiple, reasonable, legitimate and nondiscriminatory reasons, plaintiff must rebut each of defendant's proffered reasons. Chapman, 229 F.3d at 1024-25. Although the prima facie case is irrelevant once

---

[1] See Chapman, 229 F.3d at 1032 (A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which the employer based its subjective opinion.).

[2] If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. Simply quarreling with that reason is not sufficient. Chapman, 229 F.3d at 1030.

the employer has offered a legitimate reason for its actions, the evidence of pretext may include the same evidence offered to establish the prima facie case. See Combs, 106 F.3d at 1528.

Despite this shifting of the burden of production between the plaintiff and the defendant under the McDonnell Douglas and Burdine framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at. 253. Given that the ultimate burden of persuasion always lies with the employee, a plaintiff may prevail on an employment discrimination claim and may also defeat a summary judgement either by proving that intentional discrimination did indeed motivate the defendant or by producing sufficient evidence to allow a rational trier of fact to disbelieve the employer's proffered legitimate reasons, thus permitting but not compelling the trier of fact to make a finding of illegal discrimination. See Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2108-09 (2000) (pointing out that the production of the necessary sufficient evidence by plaintiff will not always prevent the employer from prevailing on a Rule 50 motion and suggesting that the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other properly considered evidence that supports the employer's case are among other factors to take into account in evaluating a

Rule 50 motion);[3] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Abel v. Dubberly, 210 F.3d 1334, 1339 (11th Cir. 2000); Alexander v. Fulton County, 207 F.3d 1303, 1336 (11th Cir. 2000); Combs, 106 F.3d at 1529-38 (interpreting Hicks and the post-Hicks case law); Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 920-21 (11th Cir. 1993).

Defendant argues that plaintiff has failed to present evidence sufficient to establish a prima facie case on his disparate treatment claims, and as noted earlier the court concludes that no prima facie case has been established. Defendant also argues that even if a prima facie case as to those claims were present, legitimate, non-discriminatory reasons have been articulated for the challenged employment decisions, and plaintiff has failed to present evidence sufficient for a reasonable jury to conclude that defendant's articulated legitimate reason is merely a pretext for illegal discrimination. Chapman, 229 F.3d at 1024-25. The court also agrees that plaintiff has failed to present evidence of pretext. For each of these reasons, separately, the court finds that no material issues of fact remain and that defendant is entitled to judgment as a matter of law as to the claim asserted by plaintiff.

Here, plaintiff also has failed to present any evidence whatever in connection with his retaliation claim. Thus, under

---

[3] The court in Chapman modified the statement in Combs contrary to this holding in Reeves after noting that the standard for granting summary judgment mirrors the standard for judgment as a matter of law. See Chapman, 229 F.3d at 1025 n.11.

McDonnell Douglas and Burdine plaintiff has failed to discharge his initial burden of establishing a prima facie case of retaliation under Title VII or § 1981. Further, it is undisputed that defendant was unaware that the protected activity had occurred prior to plaintiff's resignation on or about March 30, 2000. That articulated reason also has gone undisputed or challenged. The court therefore also finds that no material issues of fact remain and that defendant is entitled to judgment as a matter of law as to the retaliation claim asserted by plaintiff.

A separate order will be entered.

DONE this 6th day of May, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE